UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-212-FDW

| ZAVIAN JORDAN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| CHRIS NEWMAN, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1).

### I. BACKGROUND

Plaintiff, who is presently serving a 420-month sentence for charges relating to a federal drug trafficking conspiracy,[1] filed this *pro se* civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 with regards to the circumstances surrounding his 2016 arrest. He names as Defendants Charlotte Mecklenburg Police Department Detective Chris Newman and Gastonia Police Department Officer Miller Clint Bridges.

Liberally construing the Complaint and accepting the allegations as true, Bridges and Newman conspired with Special Agent Billings and other members of an HIDTA task force to deprive Plaintiff of his rights. Billings directed Newman to initiate a traffic stop on Plaintiff on May 11, 2016. Newman stopped Plaintiff's vehicle on the basis of a false red-light violation and prolonged the stop on a false DWI investigation before running a k-9 search. Newman admitted at

---

[1] The Court takes judicial notice of its records in case number 3:16-cr-145-RJC. See Fed. R. Ev. 201.

trial that he prolonged and manipulated these events to gain access to Plaintiff, that he conspired with and was directed by Bridges, Special Agent Billings, and other unknown members of the HIDTA task force, and that the search and seizure were unjustified.

Later that day, Newman, Bridges, and other unknown HIDTA task force members conducted the searches of two properties that were conducted with unstamped and undated warrants. The warrants contained false statements and included information gleaned from Plaintiff during an involuntary interview at which Plaintiff was denied counsel. Newman and others exceeded the scope of one of the searches by breaking into a locked garage and locked cabinets.

A six-count federal indictment resulted from these violations and the resulting sentence has caused Plaintiff emotional, physical, and mental suffering. He seeks damages for his monetary losses and loss of family ties and time.

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding *pro se*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A *pro se*

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Parties**

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

**(2) Unreasonable Search and Seizure**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures." U.S. Const. Amend. IV. The applicability of the Fourth Amendment turns on whether "the person invoking its protection can claim a 'justifiable,'

3

a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." Hudson v. Palmer, 468 U.S. 517, 525 (1984) (quoting Smith v. Maryland, 442 U.S. 735, 740 (1979)). The Due Process Clause of the Fourteenth Amendment levies on state governments the same restrictions that the Fourth Amendment imposes on the federal government. Mapp v. Ohio, 367 U.S. 643, 654-55 (1961).

Plaintiff alleges that Defendant Newman pulled Plaintiff over on an unjustified traffic stop then intentionally prolonged that stop in order to gain access to Plaintiff. He further alleges that Newman and Bridges conducted searches of two properties on warrants that were based on Plaintiff's involuntary statements and false information, that the warrants were not properly stamped and dated by the Clerk of Court, and that Newman exceeded the scope of the search warrant by breaking into a locked garage and locked cabinets. Plaintiff has stated plausible Fourth Amendment claims against Defendants Newman and Bridges, and this claim will be allowed to proceed.

**(3) Conspiracy**

To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996); see Hafner v. Brown, 983 F.2d 570, 576 n. 6 (4th Cir. 1992). An essential element in any conspiracy to deprive the plaintiff of his constitutional rights is an agreement to do so among the alleged co-conspirators. Ballinger v. North Carolina Ag. Extension Serv., 815 F.2d 1001 (4th Cir. 1987). Without such a meeting of the minds, the independent acts of two or more wrongdoers does not amount to a conspiracy. Murdaugh Volkswagen v. First Nat'l Bank, 639 F.2d 1073 (4th Cir. 1981). Where the complaint makes only

conclusory allegations of a conspiracy under § 1983 and fails to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint. See Woodrum v. Woodward County Okl., 866 F.2d 1121 (9th Cir. 1989); Cole v. Gray, 638 F.2d 804 (5th Cir. 1981).

Liberally construing Plaintiff's allegations, he has sufficiently stated a claim for conspiracy against Defendants Newman and Bridges. This claim will therefore be permitted to proceed.

**(4)** **1985**

To state a claim under 42 U.S.C. § 1985 for conspiracy to violate civil rights, a plaintiff must show: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016) (citing Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)).

Plaintiff fails to allege that Defendants engaged in any class-based discrimination. Accordingly, this claim is insufficient to proceed and will be dismissed.

**(4)** **1986**

A person who has knowledge that conspired wrongs mentioned in Section 1985 are about to be committed, has the power to prevent or aid in their prevention, and fails to do so, is liable to the injured party. 42 U.S.C. § 1986. "A cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985." Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985).

Plaintiff has failed to sufficiently allege a claim pursuant to § 1985 and, accordingly, there

5

is no foundation for a claim under § 1986 and it will be dismissed.[2] See Trerice, 755 F.2d at 1085; see, e.g., Everett v. Redmon, 2019 WL 1714455 at *6 (April 17, 2019) ("Since the court has dismissed plaintiff's § 1985 claim, the court also dismissed his § 1986 claim.").

## IV. CONCLUSION

For the reasons stated herein, the Complaint is sufficient to proceed against Defendants Newman and Bridges on Plaintiff's § 1983 claims of unreasonable search and seizure and civil conspiracy. The remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's § 1983 claims of unreasonable search and seizure and conspiracy against Defendants **Chris Newman** and **Miller Clint Bridges** survive initial review under 28 U.S.C. § 1915.

2. The remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

3. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall direct the U.S. Marshal to effectuate service on Defendants, for whom Plaintiff has attached summons forms to the Complaint.

4. The Clerk of Court is instructed to mail Plaintiff a Notice and Response form pursuant to Standing Order 3:19-mc-60.

Signed: December 13, 2019

_[signature]_
Frank D. Whitney
Chief United States District Judge

---

[2] In addition, the events of which Plaintiff complains occurred in 2016 and he filed the instant Complaint in 2019. It therefore appears that his § 1986 claim, even if it was facially sufficient, would also be barred by § 1986's one-year statute of limitations.