# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:19-cv-00212-MR

| | |
|---|---|
| ZAVIAN JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHRIS NEWMAN, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants' Joint Notice to Court Regarding Supreme Court's Denial of Certiorari in Plaintiff's Criminal Proceeding [Doc. 28] and several *pro se* filings by the Plaintiff [Docs. 24, 25, 26, 27].

This *pro se* incarcerated Plaintiff filed this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 addressing the circumstances surrounding his 2016 arrest.[1] The Complaint passed initial review on § 1983 claims of Fourth Amendment violations and conspiracy against Defendants Chris Newman, a

---

[1] This case was initially assigned to Judge Frank D. Whitney and was reassigned to the undersigned on April 24, 2020.

Charlotte Mecklenburg Police Department detective, and Miller Clint Bridges, a Gastonia Police Department officer.[2]  [Doc. 3].

The Defendants filed a Joint Motion to Dismiss on February 18, 2020, arguing that the Plaintiff's claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), sovereign immunity, collateral estoppel, and that the Plaintiff had failed to state any constitutional violation.  [Doc. 15].  The Defendants also argued that allowing the Plaintiff to amend his Complaint would be futile.  [<u>Id.</u>].  The Defendants moved to stay this action pending the finality of the Plaintiff's criminal appeal.  [Doc. 16].

On February 19, 2020, the Court stayed this action and ordered Defendants to file a Notice informing the Court when the criminal appeal become final.  [Doc. 18].  The Court also informed the Plaintiff of his right to respond to the Motion to Dismiss pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and ordered the Plaintiff to respond to the Motion to Dismiss within 30 days of the Defendants' Notice.  [<u>Id.</u>].

The *pro se* Plaintiff subsequently moved for the appointment of counsel, which was denied because the Plaintiff failed to demonstrate the

---

[2] The Defendants assert that Defendant Bridges was assigned as a full-time Task Force Officer for the Drug Enforcement Administration and that the claims against him should therefore be construed as claims pursuant to <u>Bivens v. Six Unknown Named Agents of the Fed'l Bureau of Narcotics</u>, 403 U.S. 388 (1971), which is the federal equivalent of § 1983.

existence of extraordinary circumstances. [Docs. 19, 23]. The Plaintiff has now filed as "Objection to Motion for the Appointment of Counsel Denial" which has been docketed as a Motion [Doc. 24], and a Declaration [Doc. 25] in support of his request for counsel. The Plaintiff argues in his Motion that his circumstances have "changed drastically" in that he has a modified schedule with limited time out of his cell; there is a COVID-19 lockdown at his facility; Plaintiff is at high risk for COVID-19 because of underlying health issues; and Plaintiff lacks the time and resources to conduct legal research. [Doc. 24 at 1]. The Plaintiff asserts in his Declaration that the instant case is complex because it involves several claims and Defendants; the case will require discovery and depositions; Plaintiff has demanded a jury trial which may involve witnesses, conflicting testimony, and expert testimony; Plaintiff only has a GED and no legal education; Plaintiff has limited time and access to legal materials and other information due to COVID-19 lockdown; and his claims are meritorious. [Doc. 25]. The Plaintiff has still failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel, and therefore, his Motion will be denied. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

The Plaintiff has also filed a "Declaration in Support of Complaint" in which he makes allegations about Defendants' conduct and argues that

3

Defendant Newman was not acting in his federal capacity at the relevant time. [Doc. 26]. The Defendants have filed a Motion to Strike the Declaration, arguing that the case is stayed and that, to the extent that the Plaintiff is attempting to amend his Complaint, his motion should be denied as futile. [Doc. 27].

The Plaintiff's Declaration appears to be in the nature of an opposition to the Defendants' Motion to Dismiss. As the Declaration was filed while the case was stayed, it will be stricken.

On February 4, 2021, the Defendants filed a Joint Notice informing the Court that the Plaintiff's criminal proceedings are now final. [Doc. 28]. The Notice includes argument in support of the Defendants' Motion to Dismiss. [Id.]. Based on the Defendants' Notice, the stay will now be lifted. However, in the interest of simplifying these *pro se* proceedings, the original Motion to Dismiss will be dismissed as moot and the Defendants may file a superseding Amended Motion to Dismiss within 14 days of this Order. The Plaintiff will have 30 days following the filing of the Amended Motion to Dismiss in which to file a response. See Roseboro, 528 F.2d 310; [Doc. 18: Roseboro Order]. The Plaintiff is cautioned that the failure to file a timely and persuasive response will likely result in the Court granting the relief that the Defendants seek in their Amended Motion to Dismiss.

4

**IT IS, THEREFORE, ORDERED** that:

1.  The Plaintiff's "Objection to Motion for the Appointment of Counsel Denial" [Doc. 24], and Declaration [Doc. 25] are construed as Motions for the Appointment of Counsel and are **DENIED**.

2.  The Defendants' Motion to Strike [Doc. 27] is **GRANTED** and the Plaintiff's "Declaration in Support of Complaint" [Doc. 26] is **STRICKEN**.

3.  The Defendants' Joint Motion to Dismiss [Doc. 15] is **DENIED** as moot. The Defendants may file a superseding Motion to Dismiss within **14 days** of this Order.

4.  The Plaintiff will have **30** days from the filing of the Defendants' Amended Motion to Dismiss in which to file a response. The Plaintiff is cautioned that the failure to file a timely and persuasive response will likely result in the Court granting the relief that the Defendants seek in their Amended Motion to Dismiss.

5.  The Defendants' Notice [Doc. 28] is construed as a Motion to Lift Stay and is **GRANTED**.

**IT IS SO ORDERED.**
Signed: February 10, 2021

Martin Reidinger
Chief United States District Judge