# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL CASE NO. 3:19-cv-00212-MR

| | |
|---|---|
| ZAVIAN JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **MEMORANDUM OF** |
| CHRIS NEWMAN, et al., | ) **DECISION AND ORDER** |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** comes before the Court on Defendants' Superseding Joint Motion to Dismiss [Doc. 30] and the incarcerated Plaintiff's *pro se* Motion to Strike Reply in Support of Superseding Joint Motion to Dismiss [Doc. 34].

## I. BACKGROUND

### A. Federal Criminal Proceedings

In 2016, the Plaintiff, Zavian Jordan, was the subject of a weeks-long investigation by the federal Drug Enforcement Administration ("DEA"). United States v. Jordan, 952 F.3d 160, 163 (4th Cir. 2020), cert. denied, 141 S. Ct. 1051, 208 L. Ed. 2d 521 (2021); Criminal Case No. 3:16-cr-00145-RJC

("CR"), Doc. 280].[1] Based on a co-conspirator's statements regarding the Plaintiff and the contents of a phone call between the co-conspirator and the Plaintiff, Agency Task Force Officer Clint Bridges (hereinafter "Officer Bridges") and other officers obtained a warrant to track the location of Plaintiff's phone, and later, a second warrant to place a location-tracking device on Plaintiff's truck. Jordan, 952 F.3d at 163. Thereafter, based on surveillance conducted by federal agents, DEA Special Agent James Billings (hereinafter "Agent Billings") decided to conduct an investigatory stop of the Plaintiff. [Id.]. Agent Billings reached out to Detective Christopher Newman of the Mecklenburg Police Department (hereinafter "Detective Newman"), who had been assisting the DEA in its operation, and asked him to conduct a routine traffic stop. Id.

On May 11, 2016, Detective Newman conducted a traffic stop after observing the Plaintiff turning through a red light without stopping. [Id. at 163-164]. After a subsequent dog alert, the Plaintiff admitted to possession of cocaine and Detective Newman's search of the Plaintiff and vehicle resulted in the seizure of approximately 12 grams of cocaine, a handgun, six phones, and $28,000.00 in cash. [Id. at 164]. The Plaintiff was arrested, advised of his rights, and agreed to talk to police, admitting his involvement in cocaine

---

[1] The Court takes judicial notice of its records in criminal case number 3:16-cr-145-RJC.

trafficking and giving a detailed statement. [Id.]. After obtaining warrants, police officers conducted several searches, ultimately resulting in the recovery of 275 grams of heroin, 750 grams of cocaine, marijuana, digital scales, drug-packing materials, firearms and ammunition, and $24,000.00 in cash. [Id.].

The Plaintiff was ultimately indicted by a federal grand jury on six counts, including drug-trafficking and firearms-related offenses. [Criminal Case No. 3:16-cr-00145-RJC ("CR"), Doc. 68]. While the criminal case was pending, the Plaintiff filed a motion to suppress the seized evidence and his incriminatory statements. [CR Doc. 28 (sealed)]. Specifically, the motion to suppress raised issues regarding the actions of Detective Newman and Officer Bridges as violating the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. [See Doc. 28 (sealed)]. Upon hearing the Plaintiff's motion to suppress, the Court[2] rejected the Plaintiff's arguments and denied the motion to suppress. [CR Doc. 75 Suppression Transcr. at 111 - 115]. Following a three-day jury trial, a jury convicted the Plaintiff on all counts. [CR Doc. 130]. On October 23, 2017, the Court sentenced the Plaintiff to be imprisoned for a total a term of four-hundred

---

[2] The Honorable Robert J. Conrad, Jr., United States District Judge, presiding.

and twenty (420) months. [See CR Minute Entry dated 10/23/2017; CR Doc. 217]. The Plaintiff appealed. [CR Doc. 213].

## B. Civil Actions

On May 3, 2019, while the Plaintiff's criminal appeal was pending, the Plaintiff filed this civil rights action addressing the circumstances of his arrest and subsequent criminal proceedings. [Doc. 1]. The Complaint passed initial review against Defendants Detective Newman and Officer Bridges on Fourth Amendment and conspiracy claims under 42 U.S.C. § 1983. [Doc. 3]. On February 18, 2020, Defendants filed a Joint Motion to Dismiss for Failure to State a Claim arguing, *inter alia*, that the Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). [Doc. 15]. The same day, the Defendants also filed a Joint Motion to Stay, arguing that the matter should be held in abeyance pending resolution of the Plaintiff's direct appeal in the criminal case, Fourth Circuit Court of Appeals Case No. 17-4751 ("APP"). [Doc. 16]. On February 19, 2020, the Court issued an Order staying the case and instructing the Defendants to file a notice when the criminal appeal became final. [Doc. 17]. The Court also notified Plaintiff in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his right to respond to Defendants' Motion to Dismiss and granted him 30 days following the filing of Defendants' notice in which to do so. [Doc. 18].

4

The Fourth Circuit affirmed the Plaintiff's criminal judgment on March 3, 2020, and denied rehearing and rehearing *en banc* on March 31, 2020. United States v. Jordan, 952 F.3d 160 (4th Cir. 2020); [APP Doc. 96]. On January 11, 2021, the Supreme Court of the United States denied the Petition for writ of *certiorari* in the Plaintiff's criminal case. United States v. Jordan, 952 F.3d 160, 163 (4th Cir. 2020), cert. denied, 141 S. Ct. 1051, 208 L. Ed. 2d 521 (2021). On February 4, 2021, the Defendants filed a Joint Notice regarding the denial of *certiorari* in Plaintiff's criminal case. [Doc. 28].

On February 10, 2021, the Court, in the interest of simplifying these *pro se* proceedings, dismissed as moot the Defendants' original motion to dismiss and allowed the Defendants to file a Superseding Motion to Dismiss within fourteen days. [Doc. 29]. The Court also notified the Plaintiff in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his right to respond to the Defendants' Superseding Motion to Dismiss and granted him 30 days following the filing of the Defendants' Superseding Motion to Dismiss in which to do so. [Id.].

On February 24, 2021, Defendants filed the instant Superseding Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 30]. Therein, the Defendants argue, *inter alia*, that the Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477

(1994). The Court again notified the Plaintiff of the opportunity to respond to Defendants' Superseding Motion and cautioned him that the failure to do so may result in the Defendants being granted the relief that they seek by way of the Superseding Motion to Dismiss. [Doc. 31]. The Plaintiff filed a Response [Doc. 32] and the Defendants filed a Reply [Doc. 33].[3]

The matter is now ripe for adjudication.

## II.  STANDARD OF REVIEW

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the Court has subject-matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1). A challenge to the Court's subject-matter jurisdiction under 12(b)(1) may be raised as either a facial or factual attack. See Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc., 892 F.3d 613, 621 n.7 (4th Cir. 2018). In a facial attack, where a defendant contends that a complaint fails to allege facts upon which the Court can base subject-matter jurisdiction, the Court must assume as true the factual allegations in the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). If, however, the defendant makes a factual attack by contending that the

---

[3] Claims that the Plaintiff has raised for the first time in his Response to the Motion to Dismiss – for instance, that Defendant Bridges' testimony violates the Federal Rules of Evidence – are not properly before the Court and will not be discussed further. See generally 28 U.S.C. § 1915A (requiring prisoner complaints to be screened for frivolity); Fed. R. Civ. P. 15 (addressing amendment).

jurisdictional allegations contained in the complaint are false, the Court may go beyond the allegations of the complaint in order to determine if the facts support the Court's exercise of jurisdiction over the dispute. Id. The burden of establishing subject-matter jurisdiction on a motion to dismiss rests with the party asserting jurisdiction, in this case the Plaintiff. Id.; Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

In a motion made pursuant to Rule 12(b)(6), the central issue is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In that context, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192.

The court is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement…." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Twombly, 50 U.S. at 570. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## III. DISCUSSION

The incarcerated Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971),[4] addressing the circumstances surrounding his 2016 arrest and subsequent conviction. Upon careful review of the Complaint, the Court concludes that the Plaintiff's action is barred by Heck v. Humphrey, 512 U.S. 477 (1994), as well as by the doctrine of *res judicata*.

### A. Heck v. Humphrey

In Heck, the Supreme Court held that when a "prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor

---

[4] Although the Complaint does not cite Bivens, the claim against Defendant Bridges, a federal agent, is liberally construed as such. The legal theories and Defendants that were dismissed on initial review are not addressed in this Order.

of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. If the Court answers this question in the affirmative, then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Bishop v. Cty. of Macon, 484 F. App'x 753, 755 (4th Cir. 2012) (citation omitted). The principles of Heck apply equally to actions brought against federal officials under Bivens. See Poston v. Shappert, 222 F. App'x 301, 301 (4th Cir. 2007); Messer v. Kelly, No. 9707144, 1997 WL 712811, at *1 (4th Cir. Nov. 17, 1997) (unpublished); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

Here, a judgment in favor of the Plaintiff on the claims asserted would necessarily imply the invalidity of his conviction. The Plaintiff's surviving claims contend that he was subjected to an illegal traffic stop and search; that the subsequent search warrants contained false information and statements, as well as statements obtained by Officer Bridges in violation of the Plaintiff's constitutional rights;[5] that Detective Newman and others broke into a locked garage and cabinets while conducting the searches; and that

---

[5] The Plaintiff's allegation that the warrants were not stamped and dated by the Clerk of Court fails insofar as the warrants, of which the Court takes judicial notice, are facially valid. See United States v. 8435 Cullingford Lane, et al., Mag. Case No. 3:16-mj-00173-DCK. Assuming *arguendo* that any technical violation exists, such does not rise to the level of a constitutional violation, as the Fourth Amendment requires only probable cause and particularity. See generally U.S. Const. Amend. IV; Fed. R. Crim. P. 41.

Officer Bridges violated the Confrontation Clause with respect to the recorded phone call between the Plaintiff and his co-conspirator. [Doc. 1]. If the Plaintiff were to succeed on these claims, that would necessarily imply that his underlying convictions would have been overturned or otherwise invalidated. In fact, the opposite is present, the Court denied the Plaintiff's motion to suppress and the Fourth Circuit has upheld the denial of the suppression motion and the Plaintiff's conviction. [See United States v. Jordan, 952 F.3d 160 (4th Cir. 2020), cert. denied, 141 S. Ct. 1051, 208 L. Ed. 2d 521 (2021); CR Doc. 75 Suppression Transcr.]. Because the Plaintiff has not demonstrated that his underlying convictions have already been overturned or otherwise invalidated, the Plaintiff is barred from pursuing such claims here. See Heck, 512 U.S. at 487.

In sum, because the redress that the Plaintiff seeks in this action would call into question the validity of his criminal convictions, the Court concludes that the present civil suit must be dismissed pursuant to Heck.

## B. Res Judicata

The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel. In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). Claim preclusion "prevents parties from raising issues that

could have been raised and decided in a prior action—even if they were not actually litigated." Lucky Brand Dungarees, Inc. v. Marcel Fashion Grp., Inc., 140 S. Ct. 1589, 1594 (2020). Issue preclusion is more narrowly drawn and applies when the later litigation arises from a different cause of action between the same parties. Varat, 81 F.3d at 1315. Issue preclusion operates to bar a party "from relitigating an issue actually decided in a prior case and necessary to the judgment." Lucky, 140 S. Ct. at 1594 (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). Further, "[a] suppression hearing in an earlier state criminal trial collaterally estops the relitigation of the same issues in a § 1983 action if the elements of collateral estoppel are met." Gray v. Farley, 13 F.3d 142, 146 (4th Cir. 1993) (citing Allen v. McCurry, 449 U.S. 90, 105 (1980)).

For issue preclusion to apply, the proponent must establish that:

> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

Sedlack v. Braswell Servs. Grp., Inc., 134 F.3d 219, 224 (4th Cir. 1998). All these factors are satisfied here. By the present civil action, the Plaintiff raises

the identical issues that were previously litigated in his criminal case: namely, the violation of his constitutional rights as related to the search and seizure of evidence as previously addressed by the motion to suppress in the Plaintiff's criminal case. These issues were actually determined in the prior proceedings in rulings by the Court. [See CR Doc. 75 Suppression Transcr.]. Further, these determinations were a critical and necessary part of the criminal proceedings, as these rulings finalized the record that the Fourth Circuit ultimately considered in affirming the denial of the Plaintiff's motion to suppress and upholding his conviction. Further, the Plaintiff's own pleadings contend that had the motion to suppress been successful, he would not have been convicted. [Doc. 1 at 3]. Moreover, the Plaintiff had a full and fair opportunity to litigate these issues and strenuously did so.

Lastly, the Plaintiff's criminal judgment is now final. See Berman v. United States, 302 U.S. 211 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."); see, e.g., Sheehan v. Saoud, 526 B.R. 166, 177 n. 14 (N.D. W. Va. Jan. 28, 2015) (finding that a criminal judgment was final for purposes of collateral estoppel at sentencing). The Plaintiff has been sentenced and his conviction has been affirmed on appeal. For all these reasons, the Court concludes that *res judicata* applies, and the Plaintiff is therefore precluded from relitigating

12

these issues in the present civil action.  Accordingly, the Court will dismiss this action with prejudice.

### C.    Motion to Strike

Finally, the Plaintiff has filed a Motion to Strike Reply in Support of Superseding Joint Motion to Dismiss.  [Doc. 34].  The Reply was properly filed pursuant to this Court's Local Rules and there is no basis for striking it. <u>See</u> LCvR 7.1(e) (permitting replies to be filed within seven days of the date on which the response is served).  The Motion to Strike is therefore denied.

## IV.    CONCLUSION

For the reasons stated herein, the Defendants' Superseding Joint Motion to Dismiss is granted, the Plaintiff's Motion to Strike is denied, and the Clerk will be instructed to close this case.

**IT IS, THEREFORE, ORDERED** that Defendants' Superseding Joint Motion to Dismiss [Doc. 30] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Strike Reply in Support of Superseding Joint Motion to Dismiss.  [Doc. 34] is **DENIED**.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: August 2, 2021

Martin Reidinger
Chief United States District Judge