IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00212-MR

| | |
|---|---|
| ZAVIAN JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHRIS NEWMAN, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* Motion to Re-open Time to File Appeal [Doc. 42].

**I.   BACKGROUND**

The incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing the circumstances of his arrest and subsequent criminal proceedings. [Doc. 1]. The Complaint passed initial review on Fourth Amendment and conspiracy claims. [Doc. 3]. On February 18, 2020, the Defendants filed a motion to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 15]. At the same time, the Defendants moved to stay this civil action pending resolution of the Plaintiff's criminal case. [Doc. 16]. On February 19, 2020, the Court entered an Order staying the action and directing the Defendants to file a notice with the Court

once the criminal case was resolved. [Doc. 17]. The Court also entered an Order directing the Plaintiff to file a response to the Defendants' Motion to Dismiss within thirty days of the filing of the Defendants' Notice. [Doc. 18].

On February 24, 2021, the Defendants filed a superseding motion to dismiss, advising that the criminal proceedings against the Plaintiff had concluded and that this civil action is therefore barred by Heck v. Humphrey, 512 U.S. 477 (1994), and *res judicata*. [Doc. 30]. On August 2, 2021, the Court entered an Order granting the Defendants' motion to Dismiss. [Doc. 37]. A Judgment was entered in favor of the Defendants. [Doc. 38]. The Clerk mailed a copy of the Order and the Judgment to the Plaintiff at his address of record at the Gilmer Federal Correctional Institution that same day.

On August 6, 2021, the Plaintiff filed a "Notice of Transfer," indicating that he had been shipped to the Federal Transfer Center in Oklahoma City on July 12, 2021, and was awaiting his transfer to a new facility. [Doc. 39]. On August 13, 2021, the Plaintiff filed an Objection to "motion to dismiss order/judgments and all other filings between the date of July 9th, 2021 and August 13, 2021," stating that he is "still in transit and didn't receive the court's order to object properly." [Doc. 40].

On September 6, 2021, the Plaintiff filed (1) a Notice of Change of Address indicating that he now resides at the Butner Federal Correctional Institution; (2) a Notice of Appeal of the Court's Order granting the Defendants' Motion to Dismiss; and (3) the instant Motion seeking an extension of time to file an appeal. [Docs. 41, 42, 43]. For grounds for the extension of time, the Plaintiff contends that he: was transferred to Butner on August 12, 2021; was quarantined between August 12 and 30, 2021; and received a copy of the Court's August 2nd Judgment "around August 25, 2021." [Doc. 42 at 1].

## II. DISCUSSION

A litigant must file a notice of appeal in a civil suit within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). The timely filing of a notice of appeal is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 214 (2007). The district court may extend the time for filing a notice of appeal if a party moves for an extension of the appeals period within 30 days after the expiration of the original appeals period and the party demonstrates either excusable neglect or good cause to warrant the extension. Fed. R. App. P. 4(a)(5).

Here, the Court entered its final Judgment on August 2, 2021. Thus, the Plaintiff had thirty days, through and including September 1, 2021, to file

3

a timely Notice of Appeal. The Plaintiff's Notice of Appeal was filed on September 6, 2021, 35 days after the entry of Judgment and five days after the appeal period expired. Because the Plaintiff's filing was made within thirty days of the expiration of the original appeal period, the Court must determine under Fed. R. App. P. 4(a)(5) whether the Plaintiff has shown excusable neglect or good cause for an extension of the appeal period.

Here, the Plaintiff has shown good cause for an extension of the appeal period. He was transferred temporarily to another facility and quarantined shortly before the Court entered its Judgment and was transferred again to his permanent facility shortly after the Court entered its Judgment. These transfers appear to have prevented the Plaintiff from receiving his mail in a timely manner. Accordingly, the Plaintiff's Motion is granted, and the Plaintiff's Notice of Appeal shall be deemed to have been timely filed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Re-open Time to File Appeal [Doc. 42] is **GRANTED**, and the Plaintiff's Notice of Appeal [Doc. 43] shall be deemed to have been timely filed.

**IT IS SO ORDERED.**

Signed: November 8, 2021

Martin Reidinger
Chief United States District Judge